UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS,<br><br>    Petitioner,<br><br>    v.<br><br>CLARK DUCART,<br><br>    Respondent. | Case No. 15-cv-02690-JCS (PR)<br><br>**ORDER TO SHOW CAUSE;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from a prison disciplinary decision rendered by his jailors at Pelican Bay State Prison.[1] The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Respondent shall file a response to the petition on or before January 25, 2016. This Court's jurisdiction over a petition for habeas relief from a prison disciplinary decision has been called into question by *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015). In his first response to the petition, respondent shall address, preferably by way of a motion to dismiss, whether (1) *Nettles* requires dismissal of the instant action, and (2) petitioner can or should bring his claims through a civil rights action under 42 U.S.C. § 1983.

## BACKGROUND

According to the petition, in 2013, petitioner's jailors at Pelican Bay found him

---

[1] Petitioner consented to magistrate judge jurisdiction. (Pet. at 7.) The magistrate judge, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

guilty of a charge of promoting gang activity. It appears petitioner has exhausted his state judicial remedies as to the claim he raises here.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that his jailors deprived him of due process at his disciplinary hearing. When liberally construed, this claim appears to be cognizable in a federal habeas action.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent form on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse

1  with the Court and serving it on respondent's counsel within thirty (30) days of the date the
2  answer is filed.
3      4. In lieu of an answer, respondent may file, within ninety (90) days of the date this
4  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
5  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent
6  files such a motion, petitioner shall file with the Court and serve on respondent an
7  opposition or statement of non-opposition within thirty (30) days of the date the motion is
8  filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen
9  (15) days of the date any opposition is filed.
10     5. Petitioner is reminded that all communications with the Court must be served on
11 respondent by mailing a true copy of the document to respondent's counsel.
12     6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
13 Court and respondent informed of any change of address and must comply with the
14 Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this
15 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
16     7. Upon a showing of good cause, requests for a reasonable extension of time will
17 be granted provided they are filed on or before the deadline they seek to extend.
18     8. The Court notes that the filing fee has been paid.
19 **IT IS SO ORDERED.**
20 Dated:  October 27, 2015

                                                                                   _____
                                                                                    JOSEPH C. SPERO
                                                                                    Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL E. ELLIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARK DUCART,<br><br>　　　　Defendant. | Case No.　15-cv-02690-JCS<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on October 27, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Randall E. Ellis ID: #:C-68764
Pelican Bay State Prison
P.O. Box 7500
Housing #:SHU D1-223
Crescent City, CA 95532


Dated: October 27, 2015

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_*Karen L. Hom*_____

　　　　　　　　　　　　　　　　　　　　Karen Hom, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable JOSEPH C. SPERO