UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDALL E. ELLIS,

         Petitioner,

   v.

RAYMOND MADDEN, Warden,[1]

        Respondent.

Case No.  15-cv-02690-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

## I.  INTRODUCTION

Petitioner, a state prisoner currently incarcerated at Centinela State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of disciplinary proceedings against him.  Dkt. 1.

Magistrate Judge Joseph C. Spero issued an order to show cause on October 27, 2015, before this matter was reassigned to the undersigned Judge.  Dkt. 5.  Magistrate Judge Spero specifically directed Respondent to file a response to the petition on or before January 25, 2016, and to address whether *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015) required dismissal of this action, stating as follows:

> This Court's jurisdiction over a petition for habeas relief from a prison disciplinary decision has been called into question by *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015).  In his first response to the petition, respondent shall address, preferably by way of a motion to dismiss, whether (1) *Nettles* requires dismissal of the instant action, and (2) petitioner can or should bring his claims through a civil rights action under 42 U.S.C. § 1983.

*Id.* at 1.

On January 25, 2016, Respondent filed the instant motion to dismiss on the grounds that that Petitioner's claim does not state a cognizable basis for federal habeas relief.  Specifically, Respondent argues that habeas corpus is not the proper remedy for Petitioner's claim because he has not shown that success in this action will necessarily accelerate his release from prison.  *Id.* at

---

[1] Raymond Madden, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

3-4.  As further explained below, Respondent has also followed Magistrate Judge Spero's instructions relating to addressing *Nettles* and its relevance to this matter.  *Id.* at 3.  Petitioner has filed an opposition to the motion, and Respondent has filed a reply.  Dkts. 11, 12.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition.

## II.   BACKGROUND

On June 24, 1983, Petitioner was sentenced to an indeterminate sentence of twenty-six years to life with the possibility of parole.  Dkt. 1-1 at 6.

Petitioner filed the instant federal habeas petition on June 16, 2015.  Dkt. 1.  In 2013, prison officials at Pelican Bay State Prison, where Petitioner was previously incarcerated, found him guilty of a charge of promoting gang activity.  Dkt. 1-2 at 2.  Petitioner was assessed 30 days of credit loss.  *Id.* at 7.

Petitioner contends that his due process rights were violated during the disciplinary hearing because there was no evidence of his guilt, he was prevented from defending himself, and the hearing officer refused to accept his documentary evidence.  Dkt. 1 at 5.  In addition, Petitioner argues that the negative impact of the guilty finding "will have adverse consequences on Petitioner's chances for parole."  *Id.*

Petitioner seeks reversal of the guilty finding on the disciplinary charge, expungement of the disciplinary action, appointment of counsel, and an evidentiary hearing.[2]

## III.   DISCUSSION

Respondent argues that the petition must be dismissed as Petitioner's due process claim does not properly invoke federal habeas corpus jurisdiction.  Dkt. 10 at 3.  Respondent asserts that Petitioner's claim does not establish habeas jurisdiction because a successful challenge will not

---

[2] The Court will only consider Petitioner's requested remedies of reversal of the guilty finding on the disciplinary charge and expungement of the disciplinary action.  However, as for Petitioner's requests for appointment of counsel and for an evidentiary hearing, the Court, in its discretion, finds that neither appointment of counsel nor an evidentiary hearing is warranted in this case.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (standard for appointing counsel in habeas cases); 28 U.S.C. § 2254(e) (standard for determining whether evidentiary hearing is required).

United States District Court
Northern District of California

result in Petitioner's release or otherwise shorten his confinement. *Id.* In opposition, Petitioner argues that habeas jurisdiction is proper because the disciplinary finding could add to the length of his confinement. Dkt. 11 at 5-7. Specifically, Petitioner argues such information will be included in his central file and may stigmatize him before the parole board and, in essence, affect whether he is found suitable for parole at future parole hearings. *Id.* at 6.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, *as amended*, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under [section] 1983." *Id.*

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. *See id.*

Traditionally, challenges to prison conditions have been cognizable only through a section 1983 complaint, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. *Id.* at 1031.

A constitutional claim concerning the application of rules administered by a prison administrator that challenges the duration of a sentence is a cognizable claim pursuant to 28 U.S.C. § 2254. *See, e.g., Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). In cases where the inmate has suffered a loss of credits, a petitioner may raise such a challenge in a federal habeas corpus action because it attacks the very fact or

3

duration of physical imprisonment and the relief sought is a determination of entitlement of

speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 500 (1973).

Nevertheless, where a successful challenge to a disciplinary hearing or administrative

sanction will not necessarily shorten the overall length of confinement, then habeas jurisdiction is

lacking.  *Ramirez v. Galaza*, 334 F.3d 850, 852, 858 (9th Cir. 2003).  However, there is an absence

of habeas jurisdiction where the challenge to the hearing results will not necessarily shorten the

overall sentence.  *Id.* at 859.  In *Ramirez*, expungement of the disciplinary action was not shown to

be likely to accelerate eligibility for parole; rather, success there would have meant only an

opportunity to seek parole from a board that could deny parole on any ground already available to

it.  *Id.*  Thus, the suit did not threaten to advance the parole date.  *Id.*

Where one of the considerations for parole is a petitioner's prison disciplinary history, the

mere possibility that an inmate may be denied parole at some point in the future due to the

discipline at issue does not amount to the denial of a liberty interest.  *Sandin v. Connor*, 515 U.S.

472, 484 (1995).  A mere possible denial of parole due to a disciplinary conviction was

insufficient to give rise to a liberty interest where "[n]othing in [the State's] code requires the

parole board to deny parole in the face of a misconduct record or to grant parole in its absence,

even though misconduct is by regulation a relevant consideration."  *Id.* at 487.  "The decision to

release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded

procedural protection at this parole hearing in order to explain the circumstances behind his

misconduct record."  *Id.*  The *Sandin* Court held that "[t]he chance that a finding of misconduct

will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due

Process Clause."  *Id.*

Thus, an inmate must show that a disciplinary conviction will inevitably lengthen the

duration of the incarceration.  *Sandin*, 515 U.S. at 487.  California law requires the Board of

Parole Hearings ("Board") to consider a wide range of factors in assessing whether an individual

inmate is suitable for parole.  Cal. Code Regs. Tit. 15, § 2402(b)-(d).  Indeed, the Board may

consider factors as wide-ranging as the original crime, an inmate's criminal and social history, his

conduct in prison, any psychological evaluations, his efforts at rehabilitation, his remorse and

United States District Court
Northern District of California

1   understanding of the crime and its effects of the victims, as well as any parole plans he may have.

2   *Id.*  In other words, any parole decision depends on "an amalgam of elements, some of which are

3   factual but many of which are purely subjective appraisals by the Board members based on their

4   experience with the difficult task of evaluating the advisability of parole release." *Greenholtz v.*

5   *Inmates of Nebraska Corr. & Penal Complex*, 442 U.S. 1, 9-10 (1979).

6       Here, Respondent argues that a successful challenge to the disciplinary finding would not

7   affect the fact or length of Petitioner's incarceration.  This Court agrees.  Habeas is not the proper

8   avenue of relief for Petitioner's claim.  Petitioner is serving an indeterminate life sentence.  In this

9   situation, losing time credits would not push back Petitioner's release date or the date of his parole

10  eligibility.  If Petitioner were serving a determinate sentence, his claim would be cognizable in

11  habeas because the loss of credits would have pushed back his release date, and success on his

12  claim would necessarily shorten his time in custody.  Therefore, in the instant matter, success on

13  Petitioner's claim would not "necessarily shorten" his sentence, *see Ramirez*, 334 F.3d at 859, and

14  habeas jurisdiction is absent.

15      In the motion to dismiss, Respondent points out that on January 20, 2016—three months

16  after Magistrate Judge Spero issued the October 27, 2015 Order to Show Cause—the Ninth Circuit

17  Court of Appeals granted rehearing en banc in *Nettles*, and ordered that the panel decision not be

18  cited as precedent.  Dkt. 10 at 3 (citing *Nettles v. Grounds*, 788 F.3d 992 (9th Cir. 2015),

19  *rehearing en banc granted*, 810 F.3d 1138 (9th Cir. 2016)).  Thus, Respondent concedes that the

20  three-judge panel's decision in *Nettles* is not binding on this Court and does not require dismissal

21  of the instant petition.  *Id.*  However, Respondent argues that the panel's decision "remains

22  persuasive authority and the Supreme Court precedent it relies on compels dismissal of the

23  Petition here."  *Id.*  Again, this Court agrees with Respondent.

24      In *Nettles*, the Ninth Circuit Court of Appeals sought to resolve the ambiguity of when an

25  inmate seeking return of good time credits lost in a disciplinary action must pursue a habeas

26  corpus petition under 28 U.S.C. § 2254 and when he must file a section 1983 complaint.  788 F.3d

27  992.  "[R]elief is available to a prisoner under the federal habeas statute only if success on the

28  claim would 'necessarily spell speedier release' from custody, which *Skinner* [*v. Switzer*, 562 U.S.

1    521(2011)] suggested would include termination of custody, acceleration of the future date of

2    release from custody, or reduction of the level of custody." *Id.* at 1001 (quoting *Skinner*, 562 U.S.

3    at 533-34).

4         Nettles, who had been sentenced to life with the possibility of parole, sought restoration of

5    30 days of lost good time credits and expungement of the rule violation that resulted in the lost

6    credits.  788 F.3d at 995-96.  The Ninth Circuit opinion concluded that habeas jurisdiction was not

7    established because neither restoring the lost credits nor expunging the rule violation would

8    necessarily result in Nettles being released from prison more quickly. *Id.* at 1002-04.  The Court

9    denied habeas jurisdiction because of Nettles's indeterminate sentence: "Without knowing how

10   many years Nettles will serve before the Board finds him suitable for parole or the length of his

11   base term, we cannot conclude that the restoration of the lost good-time credits would *necessarily*

12   affect the duration of Nettles's confinement if and when the Board finds him suitable for parole."

13   *Id.* at 1004 (emphasis in original).  The Ninth Circuit also rejected the reasoning that expunging

14   the disciplinary violation would necessarily reduce Nettles's term by removing "roadblocks to

15   parole." *Id.* at 1003.  The court reasoned that the effect of expunging the rule violation and

16   restoring the lost credits was insufficient to provide habeas jurisdiction:

> While the 2008 rules violation report will likely have some effect on
> the Board's consideration, there is no basis for concluding that the
> expungement of this report from the record will "necessarily spell
> speedier release for Nettles." *See Skinner*, 131 S. Ct. at 1299 n. 13.
> Nor will it necessarily terminate Nettles's custody, accelerate the
> future date of his release, or reduce his level of custody. *See id.*
> The effect of a rules violation on parole suitability is a matter of
> state law and regulation, and, under California law, a rules violation
> is merely one factor the parole board considers to determine whether
> a prisoner "constitutes a current threat to public safety." *Lawrence*,
> 82 Cal. Rptr. 3d 169, 190 P.3d at 553[3]; it is not determinative, *see*
> Cal. Code Regs. Tit. 15, § 2281(b) (directing the parole board to
> consider "[a]ll relevant, reliable information" in determining
> suitability for parole).  Here, the Board considered a range of
> relevant factors bearing on Nettles's future dangerousness, including
> his inability to learn from prior imprisonments, his lack of insight
> and remorse regarding his crimes, and his argumentative and
> stubborn attitude.  Even if successful, Nettles "will not necessarily
> shorten the length of his confinement" because "[t]he parole board
> will still have the authority to deny . . . parole on the basis of any of

---

[3] *In re Lawrence*, 44 Cal. 4th 1181 (2008).

United States District Court
Northern District of California

> the grounds presently available to it in evaluating such a request." *See Ramirez*, 334 F.3d at 859 (first alteration in original) (internal quotation marks omitted).   As *Close* pointed out, even when a challenge to prison disciplinary proceedings "*may* affect the duration of time to be served (by bearing on the award or revocation of good-time credits)," where "it is not necessarily so," a challenge to such proceedings "raises no claim on which habeas relief could have been granted."  540 U.S. at 754-55, 124 S. Ct. 1303 (emphasis added).   Therefore, this claim is not cognizable in habeas.

*Nettles*, 788 F.3d at 1003-04 (footnote added).[4]  Although, as mentioned above, following the Ninth Circuit's grant of rehearing en banc, *Nettles* is no longer binding precedent, this Court finds that its reasoning is persuasive.  *Nettles* adds further support to the line of cases cited for the principle that habeas jurisdiction is not invoked by a mere possibility that a petitioner's sentence will be shortened by the reversal of a disciplinary conviction.

Here, in fact, Petitioner argues only that there is a *possibility* that such a challenge may affect the length of his incarceration because he anticipates that it will lead to a denial of parole.  However, as mentioned above, in California, there is no state law requiring that parole be denied because of a disciplinary violation.  *See* Cal. Code Regs. tit. 15, § 2402(b)-(c).  Misconduct in prison is one of *many* factors that determines parole suitability.  *Id.*  The California Code of Regulations sets out the factors showing suitability or unsuitability for parole that the parole authority is required to consider.  *See* Cal. Code Regs. tit. 15, § 2402(b).  These include "[a]ll relevant, reliable information available," such as:

> the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special

---

[4] *Nettles* also considered the case of a prisoner who was attempting to challenge a gang validation decision and concluded that challenge could go forward in a habeas action.  This was so because the Ninth Circuit panel in *Nettles* was "bound by the determination" of an earlier panel in *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir 1989), that "a prisoner can seek expungement of an incident from his disciplinary record when that would lead to speedier release from disciplinary segregation."  *Nettles*, 998 F.3d at 1005. *Bostic* had held that "[h]abeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law." *Bostic*, 884 F.2d at 1269.  This portion of *Nettles* is not relevant to Petitioner's case because he has been released from disciplinary segregation and it does not appear that he is otherwise subjected to a greater restriction of his liberty as a result of the disciplinary decision.  *See* Dkt. 11 at 2 ("Petitioner is now in General Population after having been held hostage in the SHU for more than 33 1/2 yrs.").

United States District Court
Northern District of California

> conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

*Id.*

Though the Board must consider Petitioner's 2013 disciplinary conviction along with a myriad of factors, the claim that this disciplinary finding alone could impact the Board's decision is too tenuous to invoke the protections of due process. *Sandin*, 515 U.S. at 487. Indeed, there is no showing that the disciplinary finding is so pivotal to the parole determination as to justify the conclusion that a sufficient nexus exists between it and the ultimate length of imprisonment. As such, there is an insufficient showing that reversal of the disciplinary conviction would necessarily affect the overall length of a Petitioner's confinement. *Docken*, 393 F.3d at 1030-31. In other words, even if this Court were to reverse Petitioner's disciplinary conviction, he might still be denied parole on the other grounds listed above, and therefore success on his claim would not "necessarily shorten" his sentence. *See Ramirez*, 334 F.3d at 859; *see also Sandin*, 515 U.S. at 487. Moreover, at any future parole suitability hearing, Petitioner should be provided an opportunity to be heard and, if he is denied parole, a statement of reasons for the denial. *See* Cal. Penal Code § 3041.5(a)(2). If Petitioner receives adequate process at his future parole suitability hearings, then any alleged due process claim stemming from such a denial would not be cognizable on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (a prisoner subject to California's parole statute receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied). Therefore, Petitioner's challenge is properly brought under section 1983, rather than in habeas. *Ramirez*, 334 F.3d at 859.

Accordingly, the Court lacks habeas jurisdiction. Therefore, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED for lack of jurisdiction. This dismissal is without prejudice to bringing his due process claim in a civil rights action.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the

petition.  Dkt. 10.  Petitioner's due process claim is DISMISSED because it is not appropriate for federal habeas corpus review.  This dismissal is without prejudice to bringing his due process claim in a section 1983 action.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.  The Clerk shall also send Petitioner a blank civil rights complaint form with his copy of this Order.

This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated: June 28, 2016

YVONNE GONZALEZ ROGERS
United States District Judge